IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLE R. ROBERTS AND JOHNY L. SMITH, on behalf of themselves and others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. CIV-16-720-M |
| PATCO Electrical Services, Inc., | )<br>)<br>) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiffs' Motion for Conditional Class Certification, filed January 3, 2017. On January 24, 2017, defendant filed its response, and on January 31, 2017, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Defendant PATCO Electrical Services, Inc. ("PATCO") is an electrical contractor that provides electrical installation and maintenance services to commercial and industrial customers, including oilfield servicing companies. Plaintiff Kyle R. Roberts ("Roberts") worked for PATCO as an apprentice electrician from approximately July 2015 through February 25, 2016. Plaintiff Johny L. Smith ("Smith") worked for PATCO as an apprentice electrician from March 2015 until March 2016. Plaintiffs were both hired as apprentice electricians to work in the field surrounding Devon Energy's Calumet, Oklahoma storage yard.

Plaintiffs filed the instant action to recover unpaid compensation from PATCO on behalf of themselves and others similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Specifically, plaintiffs allege that PATCO only paid them overtime compensation for the hours they worked in excess of 50 hours per week. Plaintiffs also allege that

PATCO did not pay plaintiffs for all hours they worked; particularly, each work day, PATCO deducted one hour for lunch from plaintiffs' pay, despite the fact they were not afforded a full hour for lunch each time.

II.     Discussion

Pursuant to § 216(b) of the FLSA, plaintiffs now move this Court to conditionally certify the requested class, order PATCO to produce a list of names, last known addresses, and last known email addresses and telephone numbers for all current and former hourly paid electricians who worked for PATCO during the relevant time period, authorize dissemination of the suggested notice to potential members of this collective action, and order a 60-day notice period following complete production of the employee contact information.

To proceed as a collective action under the FLSA, plaintiffs must show that they and the other putative collective action members are "similarly situated."  29 U.S.C. § 216(b).  Although § 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the *ad hoc* method of determination.  *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

Under the *ad hoc* method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Id.* at 1102 (internal citations omitted).  This initial determination "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (internal quotations and citations omitted).  After the parties have completed discovery, and often prompted by a motion to decertify, "the court then makes a second determination, utilizing a stricter standard of 'similarly situated.'" *Id.* at 1103.  During the second determination, the court reviews several factors, including: "(1) disparate factual and employment settings of the individual plaintiffs; (2) the

various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required by the [FLSA] before instituting suit." *Id.* (internal quotations and citation omitted).

In their First Amended Collective Action Complaint, plaintiffs define the proposed class as follows:

> all current and former hourly-paid electricians, including journeymen and apprentice electricians as well as all other electricians who were employed by PATCO during the three-year period preceding the filing of this Complaint.

First Amended Collective Action Complaint [docket no. 8] at ¶ 7.[1]  Plaintiffs allege that the proposed class members have similar job duties and responsibilities – these other electricians performed various maintenance-related electrical work for customers located in and around Oklahoma and Texas.  Plaintiffs further allege that similar to plaintiffs, these other electricians were required to expend a significant amount of time traveling to their different jobsites and traveling to pick up parts and equipment en route to other job sites.  Plaintiffs also allege that these other electricians work schedules similar to plaintiffs and are compensated by PATCO in a manner similar to plaintiffs.

PATCO contends that plaintiffs cannot meet the lenient requirements for conditional certification of their collective action.  Specifically, PATCO asserts that the allegations made by plaintiffs regarding the lunch time deductions are clearly not a single policy, plan or decision which affected all of the members of the putative class; only one of PATCO's supervisors made the decision to use shorter lunch breaks when a specific job required that he do so.  PATCO further asserts that plaintiffs cannot show that they were similarly-situated to the putative class as defined.

---

[1] In their motion for conditional class certification, plaintiffs have changed the relevant time period to any time from June 24, 2013 to the present.

PATCO contends that plaintiffs were part of a unique limited group of employees – the apprentice electricians at the Calumet location, and that due to the unique nature of the Calumet facility, PATCO decided to provide a per diem payment/travel time allowance to each of the hourly employees at the Calumet location.

Having carefully reviewed the parties' briefs and evidentiary submissions, the Court finds that plaintiffs have not shown that the other putative collective action members are "similarly situated." Specifically, the Court finds that plaintiffs have not shown that all current and former hourly-paid electricians, including journeymen and apprentice electricians as well as all other electricians who were employed by PATCO were together the victims of a single decision, policy, or plan. The Court finds that because of the unique nature of the Calumet facility, plaintiffs are unable to show the requisite substantial similarity for conditional class certification of their proposed class. However, the Court finds that plaintiffs have shown that the other apprentice electricians who worked at the Calumet location are similarly situated. Accordingly, the Court finds that a modified putative class of all current and former apprentice electricians who worked at the Calumet facility any time from June 24, 2013 to the present should be conditionally certified.

As the Court has modified the class that is being conditionally certified, the Court finds that plaintiffs' proposed notice will need to be modified accordingly. Additionally, PATCO has set forth a number of objections to plaintiffs' proposed notice. The Court finds that the parties should confer and present to the Court an agreed notice to potential collective action members and0 consent form.

Finally, the Court finds that defendants should be required to produce a list of names, addresses, telephone numbers and email addresses for each member of the modified putative class – all current and former apprentice electricians who worked at the Calumet facility any time from

June 24, 2013 to the present. The Court further finds that a 60-day notice period following complete production of the employee contact information is appropriate.

III.    Conclusion

Accordingly, the Court GRANTS IN PART plaintiffs' Motion for Conditional Class Certification [docket no. 22] as follows:

(A)   The Court CONDITIONALLY CERTIFIES the following class: all current and former apprentice electricians who worked at the Calumet facility any time from June 24, 2013 to the present.

(B)   The Court ORDERS the parties to confer and present to the Court an agreed notice to potential collective action members and consent form within twenty (20) days of the date of this Order. If the parties cannot agree on all terms, the parties are directed to file with the Court within twenty (20) days of this Order a notice setting forth those terms to which the parties do agree and each party's proposed term(s) for those term(s) on which the parties have been unable to reach an agreement.

(C)   The Court ORDERS PATCO to produce to plaintiff within fifteen (15) days from the date of this Order a list of names, addresses, telephone numbers and email addresses for each member of the modified putative class.

(D)   The Court FINDS that the opt-in period to participate in this action shall last for sixty (60) days from the date PATCO discloses the names and information of all putative class members.

**IT IS SO ORDERED this 19th day of June, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE